UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

S. N. M.  (XXX-XX-3992)                      CIVIL ACTION NO. 08-cv-0800

VERSUS

U.S. COMMISSIONER SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

S.N.M. ("Plaintiff") was born in 1957, has at least a high school education, and past work experience as a registered nurse. She applied for disability benefits based on several health problems. ALJ Charles Lindsay conducted a hearing and determined at step two of the five-step sequential analysis that Plaintiff suffers from the following severe impairments: hepatitis C, bipolar disorder with depressive features, diabetes mellitus, alcohol dependency, status alcoholic hepatitis with esophageal varices and upper gastrointestinal bleeding times two and variceal banding times three, and status post multiple ventral incisional hernia repairs.

The ALJ reviewed the medical evidence and testimony regarding these impairments and determined that Plaintiff had the residual functional capacity ("RFC") to perform a wide range of sedentary work, subject to these additional limitations: She can only occasionally perform postural activities such as balancing, kneeling, crouching, and crawling, and she is unable to stoop or climb ladders, ropes or scaffolds. She has moderate limitations in an

ability to understand, remember and carry out detailed instructions; to maintain attention and sustained concentration; to interact appropriately with the general public; and to set realistic goals or make plans independently of others.

The ALJ found that this RFC did not permit Plaintiff to perform her past work, but he accepted the testimony of a vocational expert ("VE") that a person with Plaintiff's RFC and vocational factors would be able to perform the requirements of other jobs such as telephone quotation clerk and document preparer. Accordingly, the ALJ found at step five of the sequential analysis that Plaintiff was not disabled under the regulations.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff lists three assignments of error in her brief. She argues that (1) the ALJ and Appeals Council ignored substantial evidence that she is unable to perform the lifting demands of sedentary work, (2) the ALJ did not present the correct RFC in his hypothetical questions to the VE, and (3) the ALJ did not meet his burden of proof at step five.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Sedentary Work; Lifting Requirement**

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §§ 404.1567(a) and 416.967(a). Plaintiff's surgeon wrote that she had advised Plaintiff "to wear an abdominal binder and not to lift anything weighing greater than 10 (ten) pounds indefinitely." Tr. 709. The surgeon later wrote a letter to counsel for Plaintiff and stated that Plaintiff "has been instructed not to do any heavy lifting (greater than 10 lbs) and as such she cannot be employed at a job that would require lifting of greater than 10 lbs on any regular interval." Tr. 734.

The ALJ directed interrogatories to Dr. Thomas Lynn, a medical expert who reviewed Plaintiff's medical records. Lynn noted in the text of his response the surgeon's limitation

to lift nothing heavier than 10 pounds. Lynn gave no indication in the text of his response that he had a different opinion on the issue of lifting ability. Tr. 719. Dr. Lynn also completed a "check the box" assessment form. With regard to lifting/carrying, he was given choices that included less than 10 pounds, 10 pounds, 20 pounds, and greater weights. Dr. Lynn checked the box for "less than 10 pounds" (rather than the 10 pounds box). Tr. 721. On the next page, however, when he was asked to write his findings that supported his conclusions he wrote: "History of multiple abdominal wall hernia repairs and surgeon's advice to permanently limit lifting to no more than 10 pounds." Tr. 722. Plaintiff's appeal relies in large part on the apparent discrepancy between the written reports from the surgeon and Dr. Lynn and the check-box form completed by Dr. Lynn.

The ALJ did not note the discrepancy, but he did summarize Dr. Lynn's report. He included within that summary a reference to the surgeon's limitation that Plaintiff should not lift anything heavier than 10 pounds. Tr. 536. Plaintiff argued to the Appeals Council that Dr. Lynn's checked box indicated a lifting ability less than that required by sedentary work. The Appeals Council noted the ALJ's general statement that he had considered all of the evidence, and it also pointed to the written statements by Dr. Lynn and the surgeon that all indicated Plaintiff could lift 10 pounds. Plaintiff's argument was rejected based on the presence of that evidence. Tr. 522.

Plaintiff argues that the conflict in the evidence requires a remand so that the agency can specifically address this issue. The court is comfortable that, even if the ALJ overlooked

the conflict between the checked box and the narrative reports, the Appeals Council squarely considered the issue, addressed it in a reasoned opinion, and found that the narrative opinions provided substantial evidence to support the sedentary RFC. That was a reasonable assessment and interpretation of the evidence. The agency's decision is supported by a credible evidentiary choice and medical findings, so no judicial relief is warranted with respect to this issue.

**VE Hypothetical**

The ALJ found in his RFC that Plaintiff could occasionally crouch and crawl, but she could not stoop. At the hearing, the ALJ asked the VE to consider a person with various limitations, including one who could not crouch or crawl, but could frequently stoop. The VE identified jobs such a person could perform, and the ALJ relied on that testimony. Plaintiff argues that the ALJ failed to ask the VE a hypothetical question that accurately presented her RFC (which includes an inability to stoop).

The Commissioner responds that any error in this regard is harmless because the jobs of telephone quotation clerk and document preparer, which the VE testified such a person could perform, do not require crouching, crawling, or stooping. The Dictionary of Occupational Titles provisions regarding the two jobs support that assertion. Plaintiff does not disagree, but argues that this point was not made by the ALJ or Appeals Council, and the ALJ's decision must stand or fall within the reasons set forth in it. This is not, however, a new argument regarding the interpretation of evidence or other matter that would require the

court to be the first to weigh or address a line of the evidence or assess credibility on an issue. Rather, it is a simple and discrete fact that demonstrates that a remand would serve no purpose other than a desire to serve procedural perfection, which is not required.

The court should not vacate a decision based on a potential procedural flaw unless the substantial rights of a party have been affected. <u>Anderson v. Sullivan</u>, 887 F.2d 630, 634 (5th Cir. 1989); <u>Mays v. Bowen</u>, 837 F.2d 1362, 1364 (5th Cir.1988) ("Procedural perfection in administrative proceedings is not required."); and <u>Morris v. Bowen</u>, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). <u>See</u> also <u>Palomo v. Barnhart</u>, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).

Step Five Burden

Plaintiff's argument on this issue is that a remand should not be permitted if there was agency error. She argues that it would be unfair to allow the agency another opportunity to meet its burden absence a showing of good cause. No error was found, so no additional discussion of this assignment of error is required. For these reasons, the Commissioner's decision to deny benefits will be affirmed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE